ROBERT RASO     :
            :
v.           :    C.A. No. 21-00271-WES
            :
DANIEL J. McKEE, et al.    :

## REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

  Pending before me for a report and recommendation is Plaintiff's Application to Proceed In Forma Pauperis ("IFP") (ECF No. 3) pursuant to 28 U.S.C. § 1915.  On June 24, 2021, Plaintiff filed his pro se Complaint in this Court.  Plaintiff's Complaint was accompanied by an Application to Proceed IFP without being required to prepay costs or fees, including the applicable civil case filing fee.  After reviewing Plaintiff's Application signed under penalty of perjury, I conclude that Plaintiff is able to pay fees and costs in this matter and thus, I recommend that Plaintiff's Application to Proceed IFP (ECF No. 3) be DENIED.

  **Discussion**

  Plaintiff sues several state officials pursuant to 42 U.S.C. § 1983.  He alleges violation of the Fifth, Eighth and Fourteenth Amendments to the U.S. Constitution.  Plaintiff asserts that he is a "sentenced probation violator" currently held at the A.C.I. Medium Security Facility.  His Civil Cover Sheet (ECF No. 1-2) describes his claim as a procedural due process violation by the Rhode Island Parole Board.  He alleges that he was denied parole on July 15, 2019 and that certain Rhode Island statutes applicable to Parole Board determinations are unconstitutional "as it applies to suspected probation violators where it concerns new criminal accusations for which the person was not convicted."  (ECF No. 1 at p. 11).

The present issue before the Court is solely whether or not Plaintiff qualifies for IFP status. A close review of Plaintiff's IFP Application and Inmate Account Statement reveals that he has sufficient assets to pay the applicable filing fee and thus he does not qualify for IFP status. As required by 28 U.S.C. § 1915(a)(2), Plaintiff submitted a certified inmate account statement dated April 12, 2021. He indicates in his Application that he is employed and receives payment from the A.C.I. The account statement certification indicates that Plaintiff had a balance in his account of $1,395.87 and an average account balance over the preceding six months of $1,495.28. (ECF No. 3-1 at p. 1). He has not shown that he is unable to pay and qualifies for IFP filing status.

**Conclusion**

For the reasons stated, I recommend that Plaintiff's Motion to Proceed IFP (ECF No. 3) be DENIED, and that Plaintiff be ORDERED to promptly pay the applicable civil case filing fee to avoid dismissal of this action without prejudice.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
July 6, 2021